## DUPUIS v. DE NUX.

### No. 4361.

Court of Appeal of Louisiana. Second Circuit.

Feb. 6, 1933.

J. D. Hebert, of Marksville, for appellant.

Gremillion & Moreau, of Marksville, for appellee.

MILLS, J.

Plaintiff is the owner of a filling station located about one mile from Marksville, in Avoyelles parish, which since 1927 he had rented to A. Banning Cailleteau. In July, 1930, Cailleteau being behind in the rent and otherwise unsatisfactory as a tenant, he was desirous of making other arrangements.

Dr. Sylvain De Nux, a practicing physician, acting sheriff, and acting coroner, was also agent for the Texas Oil Company in the Marksville district. He paid little attention to the details of the oil business which was run for him by Carnot Dupuy and Cyprien Bonnette. He was desirous that the products of his company should be handled at the Dupuis' station.

It was the practice of the Texas Company to pay as a rental on all stations leased to it one cent per gallon per month on all gasoline sold. Dupuis would not lease unless he was guaranteed a monthly rental of at least $20. An arrangement was entered into whereby Dupuis was to lease his station to the Texas Company for the one cent per gallon, and Cailleteau was to continue to run the station, upon signing a commission agency agreement with the Texas Company, which provided that the agent would receive three cents off the invoice on gasoline, with the usual stipulations as to term and cancellation. Cailleteau was requested to put in a full consigned stock of the Texas Company products and to execute a bond. Dupuis was not satisfied for Cailleteau to handle the one-cent rental from the Texas Company, and accordingly it was agreed between Dupuis and Dr. De Nux that the doctor would execute a written guaranty to make good to Dupuis the difference, if any, between the one cent per gallon of gasoline sold per month and $20, and that the one-cent rental should be paid by the Texas Company to Dr. De Nux.

The lease was submitted to Dupuis, who took several days to look it over. Cailleteau also took some time to look over the agency agreement, even consulting a lawyer about it. Dupuis then went to the office of Dr. De Nux and signed the lease to the Texas Company, after De Nux had delivered to him the following guaranty:

"August 30, 1930.

"Mr. Forest L. Dupuis,

"Marksville, La.

"Dear Sir:

"I do hereby guarantee to pay A. B. Cailleteau's rent of $20.00 per month as long as said A. B. Cailleteau operates your filling station. I further guarantee that you will not be responsible for any gas and oil sold to Mr. Cailleteau.

"Yours very truly,   S. De Nux."

To complete the arrangement, before submitting the lease for acceptance and signing by the Texas Company, Carnot Dupuy took the agency agreement to Cailleteau for signature. None of the parties had any idea that Cailleteau would object as the agreement appeared entirely in his favor. But his lawyer had advised him that the agency agreement obligated him too strictly, so he refused to sign it. Dupuy says that he immediately informed the plaintiff of this refusal. Bonnette also testified that he notified Dupuis to the same effect, within two or three days. The lease, being considered dependent upon Cailleteau's signing the agency agreement, was never presented to the Texas Company for acceptance. Cailleteau continued to run the station and to handle Texas Company products, as he had done before. Dupuis did nothing until after a period of four or five months, when he went to Dr. De Nux and demanded the $20 a month, which was indignantly refused.

On October 14, 1931, Forest L. Dupuis filed this suit, claiming $320 rent, under the guaranty of Dr. De Nux, which is alleged upon as a simple agreement to pay the rent of Cailleteau, as indeed it appears upon its face.

The defense is that it is in reality but one element of a four-sided arrangement whereby Dupuis was to lease to the Texas Company and Cailleteau was to sign the commission agency agreement. The Texas Company was to accept the lease on the one-cent per gallon basis and Dr. De Nux was to receive the one cent rental and to guarantee to Dupuis any deficiency between it and a monthly rental of $20.

As stated above, Dupuis signed the lease and Dr. De Nux, the guaranty, but upon Cailleteau's failure to sign the agency agreement, the representatives of the Texas Company called the whole thing off as, in their view, the entire agreement depended upon Cailleteau's acceptance of the commission agency agreement.

Standing alone, plaintiff should recover on the guaranty upon showing, as he did, that the only condition contained in the guaranty —the continued operation of the station by Cailleteau—had been complied with. However, the evidence satisfies us that Dupuis was fully aware of all the details of the four-cornered arrangement and of their interdependence.

The lease itself, which plaintiff signed, contains, plainly typewritten on its face, the proviso: "Provided, however, that the lessee, at its option may terminate this agreement at any time upon ten (10) days' prior written notice in event of the cancellation or termination in any manner of that certain Commission Agency Agreement between the Texas Company and A. B. Cailleteau, dated July 14, 1930, or any agreement supplementary thereto in lieu thereof."

The lease itself thus presupposes the execution of the agency agreement and shows its importance as one of the conditions of the whole agreement. Mr. Dupuis was immediately informed of Cailleteau's failure to sign and that the whole arrangement was off. He recognized Cailleteau as his tenant, instead of the Texas Company, by agreeing to a reduction in its rent covering a period when this road was impassable while being paved. Though paid no rent by Cailleteau, he made no demand upon Dr. De Nux until some four or five months after the signing of the guaranty. When asked if it was understood by him that Cailleteau was to be made a party to the lease before it would be accepted by the Texas Company, he replied: "Yes, sir. I believe it stated in that lease that Mr. Cailleteau was to sign it, but I didn't promise to get him to sign it."

Dr. De Nux testified that the guaranty was only a part of the agreement; that it was never intended by either Dupuis or himself that he was to be liable for more than the difference between the one cent per gallon paid by the Texas Company and $20; that the Texas Company would only pay this one cent as lessees; that the acceptance of the lease by them was conditioned upon the acceptance of the agency agreement by Cailleteau; and that when Cailleteau refused to sign, the whole arrangement fell through and became void, including his guaranty, which was simply a part thereof.

We conclude from all of the evidence in this case that the guaranty sued upon was not a simple and complete contract in itself, but was conditioned and dependent, to the knowledge of plaintiff, upon the execution by A. B. Cailleteau of the commission agency agreement and the acceptance of the lease by the Texas Oil Company; and that these conditions were suspensive and, not having been performed, the guaranty is not enforceable. Civ. Code, Art. 2043.

We think the judgment of the lower court rejecting plaintiff's demands, at his cost, is correct, and it is accordingly affirmed.